UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JUNIOR ROUGIER,

                        Plaintiff,

     -against-

THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT,

                        Defendants.
---------------------------------------------------------------X

**VERIFIED COMPLAINT**

**Index No.:**

**CV 12 - 3367**

**AMON, CH.J.**

**LEVY, M.J.**

FILED
CLERK
2012 JUL -9 AM 11:27
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

SUMMONS ISSUED

Plaintiff, as and for a Complaint, allege and set forth as follows upon information and belief:

## JURISDICTION

1. That at all times hereinafter mentioned, plaintiffs bring this suit pursuant to 42 U.S.C.A. §1981, §1983, §1985, §1986 and §1988; the United States Constitution and the laws of the State of New York. This court has jurisdiction pursuant to 28 U.S.C.A. §1331 and §1343.

2. Plaintiffs further invoke the supplemental jurisdiction of this court to adjudicate pendant state law claims pursuant to 28 U.S.C.A. §1367.

3. The amount in controversy exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

4. Venue is properly laid in the United States District Court for the Eastern District of New York because the incident arose in the Eastern District of New York.

5. Plaintiff demands a trial by jury on all causes of action set forth herein.

## PARTIES

6. Plaintiff is resident of the State of New York.

7. Plaintiff Junior Rougier resides at 560 East 82nd Street, Brooklyn, New York 11226.

8. Defendant, The City of New York, was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, The New York City Police Department, was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, owned, maintained, controlled and operated The New York City Police Department (hereinafter referred to as N.Y.P.D.)

11. That at all times hereinafter mentioned, defendants trained, supervised and disciplined police officers in the N.Y.P.D.

## NOTICE OF CLAIM

12. That within 90 days of the date of the occurrence set forth herein below, and more particularly, on November 14, 2011, a duly verified notice of claim was served on the City of New York and the New York City Police Department, setting forth the information required by statute; that more than 30 days have elapsed since service of said notice of claim and defendants have failed to pay or adjust said claim; a 50-h Hearing was held on March 15, 2012; and that this action has been commenced within 1 year and 90 days of the date of occurrence.

## FIRST CAUSE OF ACTION

13. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees operated, managed, maintained and controlled the N.Y.P.D. 63rd precinct, located at 1844 Brooklyn Avenue, Brooklyn, New York and N.Y.P.D. 67th precinct located at 2820 Snyder Avenue, Brooklyn, New York.

14. That at all times hereinafter mentioned, defendant, The City of New York, its agents,

servants and/or employees, employed each of the police officers assigned to the N.Y.P.D. 63rd precinct and N.Y.P.D. 67th precinct.

15. That at all times hereinafter mentioned, defendant, The City of New York, its agents, servants and/or employees, hired, trained and supervised each of the police officers assigned to the N.Y.P.D. 63rd precinct and N.Y.P.D. 67th precinct.

16. That on August 15, 2011, and at the time of the incident set forth herein, plaintiff, Junior Rougier, was lawfully present in front of 1368 East 87th Street, Brooklyn, New York

17. That on August 15, 2011, commencing at approximately 3:30 p.m. through and including 3:00 a.m. of August 17, 2011, plaintiff Junior Rougier, was falsely and/or unlawfully arrested and unlawfully detained in connection with said unlawful arrest.

18. That the aforesaid unlawful arrest, and detention was without probable or sufficient cause.

19. That the aforesaid unlawful arrest, and detention, was wanton, reckless and unjustified.

20. That the aforesaid unlawful arrest and detention was without reason or provocation.

21. That the aforesaid unlawful arrest and detention, was performed knowingly, intentionally and willfully.

22. That the aforesaid unlawful arrest, and detention, was performed negligently and recklessly.

23. That the aforesaid unlawful arrest, and detention, constitutes the use of excessive force.

24. That the aforesaid unlawful arrest and detention constitutes assault and battery.

25. That at no time during the aforesaid unlawful arrest, and detention were the offending police officers threatened with deadly force.

26. That each of the offending police officers were acting within the scope of their employment by the N.Y.P.D. and/or the City of New York.

27. That the defendants are liable for the negligent acts and omissions of the offending police officers under the doctrine of respondeat superior.

28. That the aforesaid unlawful arrest, and detention, occurred under color and authority of law.

29. That the aforesaid unlawful arrest, and detention, deprived the plaintiff of his rights under the United States Constitution, the New York State Constitution, the Laws of the State of New York, the 14th Amendment to the United States Constitution, the United States Code, the laws, statutes, ordinances, rules and regulations of the City of New York.

30. That the aforesaid unlawful arrest, and detention was in violation of the rules, regulations, guidelines, policies and procedures of the New York City Police Department.

31. That the offending police officers were improperly trained.

32. That the offending police officers were improperly and negligently supervised.

33. That the offending police officers were improperly and negligently equipped.

34. That the aforementioned police unlawful arrest, detention, assault and battery was without any pretense of legal process, was wrongful and unlawful, constituted excessive force and police brutality, all in violation of the rules and regulations of the N.Y.P.D., and the decedent's civil and Constitutional rights.

35. That the aforesaid occurrence was due to the negligence of the defendants, their respective

agents, servants and/or employees, in the ownership, operation, management, maintenance and control of the N.Y.P.D., in failing to properly hire, train and supervise the offending members of the N.Y.P.D., in causing, permitting and allowing the offending police officers to unlawfully arrest, detain, and assault upon plaintiff without just and probable cause, in violation of the Constitutional and Civil Rights of the plaintiff and in that they were careless, reckless and negligent in other respects.

36. That the aforesaid deprived the plaintiff of his rights:

    (a) not to be deprived of his liberty without due process of law;

    (b) not to have summary punishment imposed upon him by police officers acting under color of law;

    (c) not to have excessive and unnecessary force used against him by police officers acting under color of law;

    (d) to equal protection of the laws;

    All in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. sections 1981, 1983 and 1985(3).

37. That defendants, having caused the violations of plaintiff's legal and civil rights as described above, are liable to plaintiff under 42 U.S.C.A. 1983 and the First, Fourth, Fifth and Fourteenth Amendments.

38. That defendants, having employed the offending police officers described hereinabove and having clothed them with the authority of law, are liable to plaintiffs under 42 U.S.C 1981 and the First, Fourth, Fifth and Fourteenth Amendments.

39. That as a result of the aforesaid occurrence, the plaintiff sustained physical, emotional and

psychological personal injuries and disability, mental and emotional distress, embarrassment, humiliation, degradation, deprivation of freedom and civil liberties, conscious pain and suffering, horror, fear and anxiety.

40. That as a result of the aforementioned occurrence, plaintiff has sustained monetary damages in a sum that exceeds the monetary jurisdiction of all lower courts which would otherwise have jurisdiction herein.

WHEREFORE, plaintiffs demand judgment against defendants in the amount of TWO MILLION ($2,000,000.00) DOLLARS, together with attorney fees, interest, costs and disbursements.

Dated: New York, New York
July 3, 2012

Yours, etc.,

**LASKIN LAW P.C.,**

BY: _____
MICHELLE F. LASKIN (0836)
Attorneys for Plaintiff
410 East Jericho Turnpike,
Mineola, New York 11501
(516) 213-5151


TO: **Michael A. Cardozo, Esq.**
Corporation Counsel of the
City of New York
Attorney(s) for Defendant(s), The City of New York
100 Church Street
New York, NY 10007

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                           )ss.:
COUNTY OF NASSAU )

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney of record for the plaintiff(s). I have read the annexed COMPLAINT and know the contents thereof and the same is true to my own knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Investigation, materials in file, conversations with plaintiff.

The reason I make this affirmation instead of plaintiff is that the plaintiff(s) resides outside of the County in which I maintain my office.

                                                   MICHELLE F. LASKIN

I affirm that the foregoing
statements are true under the
penalties of perjury.

Dated: Mineola, New York
         July 3, 2012